**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3358
_____

JOSEPH DIGENOVA,
Banquet Server on Call,
                                        Appellant

v.

UNITE HERE LOCAL 274; PHILADELPHIA
JOINT BOARD, Previous Unite Here Local 274
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-04143)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2016

Before: CHAGARES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: December 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph DiGenova appeals from the District Court's denial of his motion for reconsideration following the dismissal of his amended complaint. We will affirm.

I.

Joseph DiGenova is employed as a banquet server. His precise employment arrangement is not clear from his filings, but it appears that he is affiliated with a union called UNITE HERE Local 274 (apparently the successor to Philadelphia Joint Board Local 274). DiGenova has filed numerous complaints against his union over the years, including a series of complaints in 2013 that the District Court dismissed as unintelligible. DiGenova did not appeal.

This action concerns another such complaint, which DiGenova filed pro se. The District Court granted DiGenova leave to proceed in forma pauperis, screened the complaint under 28 U.S.C. § 1915(e)(2)(B), and dismissed it without prejudice for failure to comply with Fed. R. Civ. P. 8(a) and for failure to state a claim. The District Court construed DiGenova'a complaint as an attempt to assert a claim for age discrimination, but it concluded that the complaint did not adequately set forth any basis for such a claim. The District Court also granted DiGenova leave to amend.

DiGenova then filed an amended complaint. The District Court dismissed the amended complaint too, this time with prejudice, for failure to comply with Rule 8(a). The District Court concluded that DiGenova had merely "cobbled together a number of documents with incoherent statements, attachments, and letters from third parties" and

once again did not set forth any discernible claim. (ECF No. 5.)[1] DiGenova then filed a document titled "motion," which we construe as a timely Rule 59(e) motion for reconsideration. The District Court denied it, and DiGenova now appeals.[2]

## II.

Having reviewed the record, we cannot say that the District Court abused its discretion in dismissing DiGenova's amended complaint under Rule 8. The documents that DiGenova submitted as his amended complaint do not contain a "short and plain statement" of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

DiGenova's amended complaint also fails to state any plausible claim to relief on the merits. DiGenova's amended complaint makes stray references to "discrimination," but none of his filings—including his brief on appeal—suggests any basis for any

---

[1] Among the attachments was a 2015 letter from a lawyer advising DiGenova that he was "unable to discern" an evidentiary basis for a claim of age discrimination and advising him to consult a labor lawyer concerning his other grievances. (ECF No. 4 at 6-7.)

[2] We have jurisdiction under 28 U.S.C § 1291. DiGenova's appeal from the order denying reconsideration brings up for review the underlying order dismissing his amended complaint. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n. 20 (3d Cir.2012). Although our review of the dismissal of a complaint for failure to state a claim is plenary, see Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015), we review the District Court's dismissal of a complaint for failure to comply with Rule 8 only for abuse of discretion, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). We review the denial of reconsideration for abuse of discretion as well. See Addie v. Kjaer, 737 F.3d 854, 867 (3d Cir. 2013).

plausible claim in that regard.[3]  DiGenova's amended complaint otherwise consists

entirely of conclusory assertions in various documents of fraud and other misconduct

dating back to 2005.[4]  Thus, we conclude that DiGenova failed to state any plausible

claim.  We further conclude that the District Court did not err in denying reconsideration

or in declining to grant DiGenova leave to further amend.

We briefly address four other issues.  First, DiGenova asserts in his notice of

appeal that "there is nothing confusing about this case" because "it is about Lilly

Ledbetter Law equal pay for equal work[.]"  (ECF No. 8 at 2.)  The Lilly Ledbetter Fair

Pay Act of 2009 enacted a statute of limitations that is not related to the District Court's

reason for dismissing DiGenova's amended complaint or to the reasons why it fails to

---

[3] DiGenova's amended complaint contains three assertions potentially relevant to a claim of age discrimination.  First, DiGenova asserts that he complained to the Philadelphia Human Relations Commission "about loss of work age discrimination (protected class)." (ECF No. 4 at 2.)  Second, he attached a "position statement" asserting that a previous booking agent gave work to her own children, who are less than 40 years old.  (Id. at 8.) Finally, he attached a letter to UNITE HERE asserting that servers under 40 years of age are given preferential treatment by being permitted to use serving carts instead of trays. (Id. at 30.)  DiGenova provides no further detail in support of these assertions, which are contained in different documents and which he does not tie together in any way.

[4] DiGenova alleges without further explanation that: (1) he and other members on an "A" list of servers have lost $150,000 in wages since 2005; (2) UNITE HERE lied and defamed him during an investigation by the Philadelphia Human Relations Commission; (3) he has no pension because of "discrimination" and poor record keeping by the unions; (4) the 2010 transition from Philadelphia Joint Board to UNITE HERE was accomplished in a "fraudulent" manner; (5) UNITE HERE removed his former position as shop steward in 2010 without authorization and encouraged hotels to breach their contracts; and (6) he reported a "fraudulent" preferred server list to the U.S. Department of Justice in 2014.

state a plausible claim to relief. See Noel v. Boeing Co., 622 F.3d 266, 270-71 (3d Cir. 2010) (discussing the Act).

Second, DiGenova refers in his brief to the "LMRDA," which appears to be the Labor Management Reporting and Disclosure Act of 1959. (Appellant's Br. at 5.) DiGenova, however, does not make any specific argument or assertion suggesting that he has stated or could state any plausible claim in that regard.

Third, DiGenova notes in his brief that he filed another action in the District Court regarding additional grievances against his union, and he requests that we remand this matter for the District Court to consider them together. The District Court has since dismissed DiGenova's new action (E.D. Pa. Civ. No. 2-16-cv-01222), and there is no basis to remand this matter in any event.

Finally, we note that DiGenova requested appointment of counsel in all of his filings in the District Court. The District Court did not address that issue. We perceive no reversible error in that regard, however, because none of DiGenova's filings suggests that he has any potentially meritorious claim. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (addressing appointment of counsel under 28 U.S.C. § 1915); Ficken v. Alvarez, 146 F.3d 978, 979-80 (D.C. Cir. 1998) (addressing appointment of counsel under 42 U.S.C. § 2000e-5(f)(1)). Without any basis to conclude that any such claims might be potentially valid we cannot say that the District Court erred by not appointing counsel or in dismissing DiGenova's amended complaint.

5

## III.

For these reasons, we will affirm the judgment of the District Court.